UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  :
                           :  Criminal Action No. 98-207(GK)
        v.                 :
                           :
ALBERT ABUNAW TABI,        :
                           :
        Defendant.         :

## MEMORANDUM OPINION

This matter is before the Court on Defendant Albert Tabi's Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence [Dkt. No. 36]. Upon consideration of the Motion, the entire record herein, and for the reasons set forth below, the Motion shall be **denied**.

### I. BACKGROUND

In 1998, a jury convicted Mr. Tabi of making false statements in his passport application. On October 1, 1998, this Court sentenced Mr. Tabi to a three-year period of probation. Although Mr. Tabi initially filed a notice of appeal, the Court of Appeals granted his motion to dismiss the appeal on March 25, 1999. The case remained closed for over seven years until Mr. Tabi filed the

instant Motion to Vacate, Set Aside, Or Correct Sentence on April 11, 2006.[1]

## II. ANALYSIS

While 28 U.S.C. § 2255 enables individuals in custody to move a court to vacate, set aside, or correct their sentence, the motion must be timely. Absent equitable tolling, Section 2255 motions filed outside of the statute of limitations will be dismissed. See United States v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000). The 1-year statute of limitations runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Although Mr. Tabi styled his pleading as a "Motion to Re-Open Case" and attached his Section 2255 motion, the Court will construe the filings together as a motion under 28 U.S.C. § 2255.

28 U.S.C. § 2255(f).

In this case, Mr. Tabi's conviction became final when the Court of Appeals granted his motion to dismiss his appeal on March 25, 1999. See United States v. Williams, 630 F. Supp. 2d 28, 31 (D.D.C. 2009) ("In the context of habeas review, a conviction becomes final when the availability of appeal is exhausted."). Therefore, Mr. Tabi's period within which to file a Section 2255 motion expired on March 25, 2000. Mr. Tabi has not alleged that any of the exceptions listed in 28 U.S.C. § 2255(f)(2)-(4) applies here. Specifically, Mr. Tabi has not suggested that he faced a government-imposed impediment to making the Motion, that the Supreme Court recognized a new and retroactively-applicable right, or that the facts supporting his claim did not come to light until the year prior to filing his Motion. Because Mr. Tabi did not seek relief until April 11, 2006, the Motion is not timely.

Nonetheless, a court may still consider a time-barred Section 2255 motion on the merits if a defendant demonstrates: (1) grounds for equitable tolling, or (2) a credible showing of actual innocence. United States v. Allen, No. 03-0557-1 (PLF), 2016 WL 4099037, at *2 (D.D.C. Aug. 2, 2016). Mr. Tabi, however, has not alleged that either doctrine should apply here. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (recognizing that equitable

tolling requires a defendant to establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (noting that to establish actual innocence sufficient to overcome the statute of limitations, a defendant must show that "in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt"). Because Mr. Tabi has not made the requisite showings to support the application of these doctrines, the Court will not alter its determination that the Motion should be denied as untimely.

The Court shall deny the Motion for the additional reason that Mr. Tabi has not demonstrated that he was in custody at the time he filed the Motion. See 28 U.S.C. § 2255 (granting the right to challenge a sentence to "prisoner[s] in custody under sentence of a court"); Williams, 630 F. Supp. 2d at 30 (finding that prisoner who completed his sentence prior to filing a Section 2255 motion was not "in custody" for purposes of the statute). The Court sentenced Mr. Tabi to a three-year period of probation, a sentence that presumably expired during the 7 years that elapsed between the Court of Appeals' dismissal and the filing of the Motion. Mr. Tabi, therefore, is not an eligible Section 2255 petitioner.

For these reasons, the Court finds that Mr. Tabi is procedurally barred from § 2255 relief. The Court need not reach the merits of Mr. Tabi's claim.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Vacate, Set Aside, Or Correct Sentence shall be **denied**.

June 1, 2017

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF